IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-685-BR

RACHEL DEGENHARD, *et al.*,
          Plaintiffs,

          v.

                                                                    ORDER

UNITED STATES OF AMERICA,
          Defendant.

This matter comes before the court on defendant's motion to dismiss. (DE # 24.)

Plaintiffs Rachel Degenhard, in her individual capacity and as administratrix of the estate of

Santino Degenhard, and Jason Degenhard (collectively "plaintiffs") filed a response, (DE # 26), to

which defendant filed a reply, (DE # 28).

## I.  BACKGROUND

Plaintiffs filed this Federal Tort Claims Act ("FTCA") case following the death of their

four-month-old son, Santino Degenhard ("Santino"), which resulted from the alleged negligence of

employees of Pope Child Development Center, a daycare located on the United States Army base

at Fort Bragg, North Carolina. (Compl., DE # 1, at 3.) On 9 March 2012, Santino suffocated

when a daycare worker placed him face-down on the floor and left him unattended for

approximately nineteen minutes. (Id. at 5-6.) He died from the injuries five days later at Cape

Fear Valley Medical Center. (Id. at 6-7.)

On 17 December 2012, Santino's estate filed with the government an administrative claim

for wrongful death. (Id. at 2; DE # 25-1.) Plaintiffs now assert, under the FTCA, claims for

wrongful death and negligent infliction of emotional distress ("NIED"). (Compl., DE # 1, at 8,

10.) In the present motion, defendant ("the government") argues that, pursuant to Federal Rule of Civil Procedure 12(b)(1), this court should dismiss plaintiffs Rachel and Jason Degenhard's ("the Degenhards") individual NIED claims for lack of subject matter jurisdiction, due to their failure to exhaust administrative remedies. (DE # 25, at 3.) Plaintiffs argue that they have sufficiently exhausted their administrative remedies. (DE # 26, at 3.)

## II. STANDARD OF REVIEW

In response to a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir.1999) (internal citation omitted). A district court should allow a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. When ruling on a 12(b)(1) motion, the "court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (internal quotation omitted).

## III. DISCUSSION

The United States, as a sovereign, is immune "from suits for damages at common law." Perkins v. United States, 55 F.3d 910, 913 (4th Cir. 1995). The FTCA, however, creates a limited waiver of the United States' sovereign immunity. Id. As a condition of the waiver, the Act requires a party to file an administrative claim with the appropriate federal agency before filing suit. 28 U.S.C. § 2675; see also Kokotis v. United States Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000) (identifying the filing of an administrative claim as a "jurisdictional prerequisite to filing suit under the FTCA"). Federal regulations deem a claim "to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of

2

an incident, accompanied by a claim for money damages in a sum certain . . . ."   28 C.F.R. § 14.2.

The notice must be "'sufficient to cause the agency to investigate'" the incident in order to

determine its exposure to liability.   Rudisil v. United States, No. 5:13-CV-110-F, 2014 WL

4352114, at *1 (E.D.N.C. Sept. 2, 2014) (quoting Ahmed v. United States, 30 F.3d 514, 516 (4th

Cir 1994)).   However, a claimant need not give the government notice of "every possible theory

of recovery."   Id. at *1 (internal quotation omitted).

Rachel Degenhard, in her capacity as adminstratrix of her son's estate, timely filed a

Standard Form 95 ("SF-95") with the United States Department of Defense, asserting a wrongful

death claim.   (DE # 25-1.)   In addition to this claim, the Degenhards now assert individual NIED

causes of action that were not specifically set out in the SF-95.   (DE # 1, at 10.)   The central

question in this case is whether the estate's administrative claim for wrongful death put the

government on sufficient notice to investigate potential individual NIED claims of the

Degenhards.   Plaintiffs answer this question in the affirmative.   (DE # 26, at 3.)   They contend

that notice was adequate because "[t]he NIED claims arise directly out of the same negligent

conduct and damages that [have] already been alleged [in the administrative claim for] wrongful

death."   (Id. at 5.)   Plaintiffs go on to state that evidence uncovered in an investigation into the

wrongful death claim "necessarily and entirely overlaps" with evidence that the government would

need to evaluate their NIED claims.   (Id. at 6.)   They also argue that the language of North

Carolina's wrongful death statute, which would allow the Degenhards to recover damages for,

among other things, the loss of companionship and comfort of their son, should have put the

government on notice of their individual NIED claims.   (Id. at 4-5.)   Plaintiffs further note that

they "provided [the government] over 800 pages of . . . documentation supporting the alleged

3

claim and the facts giving rise to it, including [their] theories of negligence."[1]  (Id. at 4.)

Additionally, plaintiffs point to the government's letter denying the administrative claim as

evidence that they have sufficiently exhausted their administrative remedies.  (Id. at 6-7.)   The

letter states that "all claims related to the event that serves as the basis of this suit are no longer

amenable to administrative resolution."  (Id. at 6.)

The government contends that the SF-95 "in no way provided [] adequate notice of

Plaintiffs' individual [NIED] claims . . . ."  (DE # 28, at 2.)   It notes that the SF-95 articulates only

a claim under North Carolina's wrongful death statute.  (Id. at 3.)   The government also points

out that the estate describes its damages by referring specifically to the compensable expenses

under the wrongful death statute.  (Id.)   Furthermore, it argues that because satisfying the

elements of an NIED claim requires "different and additional evidence" than that needed to make

out a wrongful death claim, an NIED claim cannot be inferred from a wrongful death claim.  (Id.

at 4.)   Thus, the government maintains, the SF-95 contained no facts that support an NIED claim.

(Id. at 3.)

The court concludes that it cannot maintain jurisdiction over plaintiffs' NIED claims.   As

previously recognized, the completed SF-95 asserted only a claim for wrongful death.   (DE #

25-1, at 1.)   In section 2 of the form, Rachel Degenhard, in her capacity as administratrix of the

estate, is the only listed claimant.  (Id.)   Absent are any individual claimants.   Section 8 of the

form described the basis of the administrative claim as only "[n]egligence of federal employees

resulting in wrongful death."  (Id.)   In an attached supplement to section 8, the damages that the

estate identified precisely track the damages compensable under the North Carolina wrongful

---

[1]Neither party has provided the court with this supplemental documentation.

death statute.  (Id. at 7.)   In section 10 of the SF-95, the estate described the nature and the extent

of the injury as follows: "Wrongful death of the minor, [] which encompasses all that is implied by

[the North Carolina wrongful death statute] . . . ."   (Id.)   Further, in section 12c, the estate listed

damages in the amount of ten million dollars under the caption titled "Wrongful Death," but

claimed no amount of damages under the "Personal Injury" caption.   (Id.)   The SF-95 is entirely

focused on the estate's wrongful death claim.

As the government argues, NIED and wrongful death claims are distinct in North Carolina,

as each claim requires proof of different elements and allows for different damages.   (Id. at 3.)

Thus, an investigation of a wrongful death claim would not necessarily give rise to evidence that

would put the government on notice of an NIED claim.   For example, North Carolina's wrongful

death statute permits recovery of expenses for medical care incident to the injury resulting in

death; compensation for pain and suffering of the decedent; reasonable funeral expenses; and the

present monetary value of the decedent to the persons entitled to receive the damages recovered,

including compensation for loss of society, companionship, and comfort.   N.C. Gen. Stat. §

28A-18-2(b).   While the statute would allow parents of a deceased child to recover the present

value of the loss of companionship and comfort that the child provided them, the parents' own

emotional damages are not compensable.   See id.   Unlike a wrongful death claim, an NIED claim

requires proof of severe emotional distress, meaning "any emotional or mental disorder . . . or any

other type of severe and disabling emotional or mental condition which may be generally

recognized and diagnosed by a medical professional trained to do so."   Johnson v. Ruark

Obstetrics & Gynecology Assocs, P.A., 395 S.E.2d 85, 97 (N.C. 1990).   Because the Degenhards'

individual emotional distress is not compensable under the wrongful death statute, the

government's investigation of the wrongful death claim would not have necessitated an inquiry into disabling emotional conditions or diagnoses of the Degenhards ─ a critical element of an NIED claim.

The court further concludes that the government's denial letter, which stated that "all claims related to the event that serves as the basis of this suit are no longer amenable to administrative resolution," is insufficient to support a finding that plaintiffs exhausted their administrative remedies with respect to their NIED claims. "Being a waiver of sovereign immunity, the FTCA is strictly construed, and all ambiguities are resolved in favor of the United States." Williams v. United States, 50 F.3d 299, 306 (4th Cir. 1995). The letter does not make clear whether the government denied all potential individual claims, or merely all claims of the estate. Confronted with this ambiguity, the court is hesitant to find that the denial letter evidences exhaustion of the Degenhards' NIED claims.

The court's conclusion is supported by precedent as well. It appears that neither the Fourth Circuit Court of Appeals nor any district court within this circuit has construed the notice requirement as broadly as plaintiffs urge this court to do. For example, the court in Rudisil held that a plaintiff's administrative claim for surgical negligence did not provide the government with sufficient notice of her claim against the hospital for negligently credentialing the surgeon. 2014 WL 4352114, at *2. In support of its position, the court noted that the two claims involve different facts and that a hospital negligence claim is not, "by its very nature," included in a medical negligence claim. Id. (internal quotation omitted).

A case in which the Fourth Circuit Court of Appeals found adequate notice, Drew v. United States, 217 F.3d 193 (4th Cir. 2000), reh'g en banc granted, opinion vacated, aff'd by equally divided court without opinion, 231 F.3d 927 (4th Cir. 2000), is readily distinguishable from the

6

case at hand. In <u>Drew</u>, the Court of Appeals found that a plaintiff's administrative claim for medical negligence was sufficient to put the government on notice of his informed consent claim. The court reasoned that an informed consent action is, "by its very nature, [] included within a general allegation of [medical negligence]" and that a diligent investigation of the medical negligence claim would elucidate the facts which form the basis of the informed consent claim. <u>Id.</u> at 199.

Similar to <u>Rudisil</u>, plaintiffs' two claims in the case at hand involve different facts. As noted above, an NIED claim requires proof that the Degenhards suffered severe emotional distress, while a wrongful death claim does not. Thus, in stark contrast to <u>Drew</u>, an NIED claim is not, by its very nature, included in a wrongful death claim, and a diligent investigation of the estate's wrongful death claim would not have given the government notice of the Degenhards' NIED claims. See <u>Estate of Sullivan v. United States</u>, 777 F.Supp. 695, 701 (N.D. Ind. 1991) ("[Plaintiff's] administrative claim for wrongful death cannot be construed as encompassing her claim for [NIED].").

Lastly, plaintiffs argue that even if the administrative claim failed to provide sufficient notice, the newly asserted individual NIED claims should relate back to the time of the filing of the original administrative claim, pursuant to Federal Rule of Civil Procedure 15(c). (DE # 26, at 8-9.) Under certain circumstances, Rule 15(c) allows for an amendment to a pleading to relate back to the date of the original pleading. However, the plain language of the rule applies only to pleadings, and not to administrative filings. See <u>Manko v. United States</u>, 830 F.2d 831, 840 (8th Cir. 1987) (finding that Rule 15(c) "applies only to relation back of amendments to pleadings in ordinary lawsuits," and not to amendments in the administrative context). Plaintiffs cite no authority for the proposition that Rule 15(c) can be employed in the context of administrative

7

claims. Additionally, plaintiffs have failed to comply with 28 C.F.R. § 14.2(c), which requires an amendment to an FTCA claim to be presented to the government before the claim's final agency determination or before the claimant commences an action. See Wilson v. United States, Civil Action No. GLR-12-824, 2012 WL 6761368, at *2 (D. Md. Dec. 28, 2012) (noting that § 14.2(c) governs amendments of administrative claims). Accordingly, the court finds this argument to be without merit.

## IV. CONCLUSION

Based on the foregoing, the government's motion to dismiss, (DE # 24), is GRANTED, and plaintiffs Rachel and Jason Degenhard's claims of NIED are DISMISSED WITHOUT PREJUDICE. The wrongful death claim brought by Rachel Degenhard as administratrix of the estate of Santino Degenhard remains.

This 13 February 2015.

_____
W. Earl Britt
Senior U.S. District Judge

8